UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANDRE McCULLOUGH,**

        Petitioner,

                          Criminal Case No. 12-20443-08
                             Civil Case No. 13-14680

    vs.                                Hon. Gerald E. Rosen

**UNITED STATES OF AMERICA,**

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S SECTION 2255 MOTION**

On December 10, 2012, this Court accepted a Rule 11 Plea Agreement related to Petitioner Andre McCullough's possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). At sentencing on May 23, 2013, this Court imposed a sentence of 60 months of incarceration. (Dkt. # 118). Petitioner did not appeal.

Currently before the Court is Petitioner's Motion under 28 U.S.C. § 2255 for a "reduction of sentence to home confinement; vacation of sentence, or corrected sentence to warrant departure under 5H" due to ineffective assistance of counsel. (Dkt. # 144, at 13). Petitioner asserts that he is "the only sibling . . . able to

1

provide some essential care to his very ail (sic) mother and grandmothe[r]," who have breast cancer and dementia/Alzheimer's, respectively.  (*Id.* at 15).  His counsel erred, according to Petitioner, by not requesting a downward departure from his statutory minimum sentence under section 5H1.6 of the Sentencing Guidelines in recognition of these "family circumstances." (*Id.*).  Having reviewed and considered Petitioner's brief, the Government's response, and having reviewed the entire record of this matter, the Court finds that a hearing is unnecessary.  Therefore, in accordance with Rule 8 of the Rules Governing Section 2255 Proceedings and Local Rule 7.1(f)(1) and (2), Petitioner's Motion is decided "on the briefs."  As set forth below, the Court DENIES Petitioner's Motion.

To show that Petitioner was denied the effective assistance of counsel under federal constitutional standards, he must satisfy the two-prong test set forth in *Strickland v. Washington*.  466 U.S. 668 (1984).  First, the petitioner must prove that counsel's performance was deficient.  This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment.  *Id.* at 687.  Second, the petitioner must establish that the deficient performance prejudiced the defense.  Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal.  *Id.*  Stated differently, "Petitioner must show a reasonable probability that, but for his attorney's errors, the proceedings would have produced a different result."  *Ross v.*

*United States*, 339 F.3d 483, 492 (6th Cir. 2003). If a court can "more easily dispose of an ineffective assistance claim based on the lack of prejudice," it should do so. *Id.*

*Ross's* instruction regarding lack of prejudice is fatal to Petitioner's Motion. Ignoring the fact that Petitioner's counsel *did* inform the Court about Plaintiff's family circumstances (Def's Sentencing Memo., Dkt. # 113, at 2), Petitioner cannot establish prejudice under *Strickland's* second prong. A downward departure in sentencing is only warranted for family hardship when there are exceptional circumstances. *United States v. Tocco,* 200 F.3d 401, 435 (6th Cir. 2000). "When a statutory minimum sentence is involved, however, the district court lacks discretion to depart downward on the basis of family circumstances." *United States v. Fernandez*, 221 F.3d 1336, 2000 WL 875695, at *1 (6th Cir. June 19, 2000). Here, this Court sentenced Petitioner to sixty months of incarceration, representing the statutory mandatory minimum pursuant to 18 U.S.C. § 924(c). Absent a motion from the government under § 3553(e) or Federal Rule of Criminal Procedure 35(b)[1] -- which the government did not bring -- this Court did not have the authority to grant Petitioner the relief that he now seeks. In other words, even assuming that counsel's performance was so deficient to satisfy *Strickland's*

---

[1] Given Petitioner's extensive criminal history, of which this Court is well-aware -- including while out on pretrial release in this action -- 18 U.S.C. § 3553(f)'s "safety valve" provision does not apply.

performance prong, and even assuming Petitioner's circumstances are "exceptional,"[2] he cannot show that "but for his attorney's errors, the proceedings would have produced a different result." *Ross*, 339 F.3d at 492. Accordingly, the Court denies Petitioner's Motion.

Finally, a note about Petitioner's ability to appeal this decision. Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1) (a); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 327 (2003). A court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37. In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the Petitioner

---

[2] As the Government points out, Petitioner's conduct while out on pretrial release does not weigh in the Petitioner's favor as to whether his circumstances are "exceptional."

cannot establish prejudice under *Strickland's* second prong.  Therefore, the Court denies a certificate of appealability.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Petitioner's Motion to Vacate Sentence [Dkt. # 144] is DENIED.

IT IS FURTHER ORDERED that this § 2255 action is DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

**IT IS SO ORDERED.**


Dated:  January 31, 2014         s/Gerald E. Rosen
                                 GERALD E. ROSEN
                                 CHIEF, U.S. DISTRICT COURT


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 31, 2014, by electronic and/or ordinary mail.

                                 s/Julie Owens
                                 Case Manager, 313-234-5135